188 Ill. App.3d 533 (1989)
544 N.E.2d 1032
MOHAMMAD ALTAF, Plaintiff,
v.
HANOVER SQUARE CONDOMINIUM ASSOCIATION NO. 1 et al., Defendants (Hanover Square Condominium Association No. 1 et al., Third-Party Plaintiffs-Appellants; Economy Preferred Insurance Company, Third-Party Defendant-Appellee).
No. 1-88-2871.
Illinois Appellate Court  First District (3rd Division).
Opinion filed September 6, 1989.
*534 *535 Stuart D. Gordon, of Moss & Bloomberg, Ltd., of Bolingbrook, for appellants.
Orner & Wasserman, Ltd., of Chicago (Esther Joy Schwartz, of counsel), for appellee.
Judgment affirmed.
PRESIDING JUSTICE FREEMAN delivered the opinion of the court:
Third-party plaintiffs appeal from the trial court's grant of a motion for summary judgment in favor of third-party defendant, Economy Preferred Insurance Company (Economy Preferred), and the denial of the third-party plaintiffs' cross-motion for summary judgment. The third-party complaint sought a declaratory judgment regarding whether Economy Preferred had a duty to defend third-party plaintiffs, Hanover Square Condominium Association No. 1 and five members of its board of directors, and whether Economy Preferred had a duty to indemnify the third-party plaintiffs, regarding an underlying property damage action.
For the reasons stated below, we affirm the judgment of the circuit court.
The record indicates that the underlying suit was brought by Mohammad Altaf, a condominium unit owner, against the third-party plaintiffs, the condominium association and members of the association's board of directors. Altaf's complaint seeks recovery for property damage to his unit resulting from a fire which began in an adjacent unit. At the time of the occurrence, Economy Preferred provided liability insurance to the condominium association under "Special Multi-Peril Policy No. SP-08865." In addition, Economy Preferred provided errors and omissions coverage to the board members under a directors and officers liability supplement endorsement to the policy.
In count I of the underlying complaint, plaintiff cites section 12 of the Condominium Property Act (Ill. Rev. Stat. 1985, ch. 30, par. 312), which sets forth the authority of the board of managers to obtain insurance for the property against loss or damage by fire or other hazards. Plaintiff asserts that the condominium association and board of *536 directors had a duty to obtain insurance which would fully insure replacement costs; process with diligence any claims declared under the policy; and oversee the insurance company's response to claims made under the insurance policy. Plaintiff alleges that defendants breached an implied contract by failing to assist him in having his premises restored as required by statute.
Count II of the complaint, also entitled "Breach of Contract," cites the bylaws of the condominium association and an enabling declaration filed with the Cook County recorder of deeds. The enabling declaration provides, among other things, that the association or manager will obtain and continue in effect blanket insurance, comprehensive public liability insurance, and other liability insurance it deems desirable. The bylaws state, among other things, that the association or board of directors are responsible for providing for the maintenance and repair of the common elements. Plaintiff alleges that defendants failed to assist him in processing his claim with defendants' insurance company and that defendants' insurance company failed to replace furnishings and clothing and other things, and delayed the repair work being performed on plaintiff's unit.
Count III, entitled "Negligence," alleges that defendants failed in their duties to provide an insurance company "which processed and completed all insurance claims" and to see that all claims filed with the insurance company were processed quickly and diligently. Plaintiff also alleges that defendants failed to replace damaged property with like property or compensation. Plaintiff alleges that defendants failed also in their implied duties inherent in their positions as board members. A fourth count, also entitled "Negligence," eventually was dismissed on plaintiff's motion.
Defense of the underlying suit was tendered to Economy Preferred, which declined coverage and denied owing a duty to defend the association or the board members regarding the allegations of the underlying suit. Defendants/third-party plaintiffs then filed their third-party complaint. Cross-motions for summary judgment were filed, briefed and argued. The trial court granted summary judgment in favor of Economy Preferred, finding that it had no duty to defend or indemnify the third-party plaintiffs.
The record indicates that the special multiperil insurance policy issued by Economy Preferred provided general liability coverage for the association's common areas. The additional directors and officers liability supplement endorsement excluded coverage under exclusion "E," which excludes claims that are:
"E. Based on or attributable to any Wrongful Act in procuring, *537 effecting and maintaining insurance, or with respect to amount, form, conditions or provisions of such insurance."
The endorsement defines "Wrongful Act" as the following:
"A. `Wrongful Act' means any negligent act, any error, omission or breach of duty of Directors or Officers of the Named Insured while acting in their capacity as such."
After the defense was tendered to Economy Preferred, Economy Preferred sent a letter to counsel for the association and Board members, indicating that it had no contractual duty to defend or indemnify the defendants. Further, Economy Preferred indicated that coverage was provided only for damages "caused by an occurrence," defined in the policy as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Economy Preferred asserted that the allegations of the complaint were not based upon an "occurrence." In addition, Economy Preferred indicated that coverage is not provided under the directors and officers endorsement, since paragraph "E" negates coverage for the claims asserted in the complaint.
The third-party complaint which defendants then filed was drawn in four counts. Count I cites policy language, which provides that Economy Preferred would:
"Defend any civil suit against the insured or any of them, alleging a Wrongful Act which is covered under the terms of this supplement, even if such suit is groundless, false or fraudulent."
Third-party plaintiffs allege that Economy Preferred's refusal to appear on behalf of the association and board members is contrary to the terms of the policy in that Economy Preferred has a contractual duty to defend.
Count II of the third-party complaint seeks indemnification for legal fees and costs incurred in the suit and for any judgment which might be entered against third-party plaintiffs in the underlying action. Count III seeks indemnification from Economy Preferred in the event that plaintiff recovers on his complaint against third-party plaintiffs. Count IV of the third-party complaint eventually was dismissed.
In its order the trial court found and declared that: (1) Economy preferred had no duty to defend the third-party plaintiffs regarding the underlying complaint; (2) Economy Preferred had no duty to indemnify the third-party plaintiffs under the policy regarding any claimed losses by plaintiff arising from the fire; and (3) Economy Preferred *538 is not obligated to pay any fees or costs incurred by the third-party plaintiffs in defending the suit. Third-party plaintiffs then appealed.
At oral argument of this appeal, this court raised the issue of jurisdiction, since the notice of appeal contained a file stamp date which was outside of the 30-day filing period set forth in Supreme Court Rule 303(a)(1). (107 Ill.2d R. 303(a)(1).) The final order granting summary judgment in favor of Economy Preferred and denying the appellants' cross-motion for summary judgment was entered on August 17, 1988. The order contained the required language under Supreme Court Rule 304(a) (107 Ill.2d R. 304(a)) that the order was appealable. The notice of appeal was received and stamped by the clerk's office on September 19, 1988, a Monday, which constitutes the 31st day after the final order was entered. See Ill. Rev. Stat. 1987, ch. 1, par. 1012.
 1 Third-party plaintiffs filed a supplemental brief, citing the recent Illinois Supreme Court case of Harrisburg-Raleigh Airport Authority v. Department of Revenue (1989), 126 Ill.2d 326, 533 N.E.2d 1072, which held that notices of appeal mailed within the 30-day period and received thereafter are timely filed. (Harrisburg-Raleigh Airport Authority, 126 Ill.2d at 340.) Appellants also submitted an affidavit of Stuart D. Gordon, a former attorney of third-party plaintiffs, who stated that he mailed the notice of appeal to the clerk of the circuit court on September 13, 1988. That date is within the 30-day filing period. (107 Ill.2d R. 303(a)(1).) The record indicates that Gordon mailed copies of the notice of appeal to counsel for the other parties on September 13, 1988. We find that under Harrisburg-Raleigh Airport Authority, and based upon the affidavit of Gordon and the record previously prepared on appeal, the notice of appeal was timely filed. This court therefore has jurisdiction to consider this appeal.
Third-party plaintiffs initially contend on appeal that Economy Preferred had a duty to defend pursuant to its agreement under the policy. They argue that the trial court erred in granting summary judgment in favor of Economy Preferred to the extent it relied on Economy Preferred's argument that plaintiff's claimed losses were not covered since the claims failed to arise from an "occurrence" as defined by the policy. Further, they contend that the policy language providing coverage for claims arising out of a "wrongful act" applies to the plaintiff's claims. In addition, third-party plaintiffs argue that even if coverage for claims is limited to those arising out of an "occurrence," the fire which damaged plaintiff's property constitutes such an "occurrence," and therefore coverage has been provided.
*539 Economy Preferred responds that initially, in its letter refusing to defend third-party plaintiffs and in its original motion for summary judgment, it asserted that plaintiff's claims were not covered because the claims did not arise from an "occurrence" as defined under the policy. Subsequently, however, in its response to the cross-motion for summary judgment and at the hearing before the trial court, Economy Preferred abandoned this argument. Further, Economy Preferred asserts that this argument was not a factor in the court's granting of summary judgment in favor of Economy Preferred.
 2 We note that third-party plaintiffs, the appellants in this matter, failed to include in the record on appeal a copy of the transcript of proceedings from the hearing on the cross-motions for summary judgment. An appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error. Supreme Court Rule 321 (107 Ill.2d R. 321) provides, in pertinent part:
"The record on appeal shall consist of the judgment appealed from, the notice of appeal, and the entire original common law trial court record * * *. The trial court record includes any report of proceedings prepared in accordance with Rule 323 and every other document filed and judgment and order entered in the cause."
In the instant case there was no report of proceedings filed. Nor is there a bystander's report which is authorized under Rule 323(c) (107 Ill.2d R. 323(c)). Further, appellants failed to file an agreed statement of facts in lieu of a report of proceedings pursuant to Rule 323(d) (107 Ill.2d R. 323(d)).
 3 In the absence of a complete record on appeal, and upon a claim of error, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. (Foutch v. O'Bryant (1984), 99 Ill.2d 389, 459 N.E.2d 958.) Any doubts which may arise from the incompleteness of the record will be resolved against the appellant. (Foutch, 99 Ill.2d at 392.) In the absence of a report of proceeding, particularly when the judgment order states that the court is fully advised in the premises, a reviewing court "will indulge in every reasonable presumption favorable to judgment, order or ruling from which an appeal is taken" (In re Pyles (1978), 56 Ill. App.3d 955, 957, 372 N.E.2d 1139, 1141) and must presume that the evidence heard by the trial court was sufficient to support the judgment absent any contrary indications in the record (In re Marriage of Macaluso (1982), 110 Ill. App.3d 838, 846, 443 N.E.2d 1).
*540  4 Since the written order of the trial court fails to indicate that the court relied on the initial argument of Economy Preferred that the "occurrence" language of the policy did not provide coverage for plaintiff's claims, we may presume that the trial court did not rely on this argument in reaching its decision. The absence of the transcript of proceedings allows us to indulge in this presumption, particularly in view of the representation by Economy Preferred that it abandoned that argument before the trial court. Further, as discussed below, even if it is arguable that the fire which caused the property damage to plaintiff in the underlying action may be considered an "occurrence" under the policy, we find that the exclusionary language of endorsement "E" excludes plaintiff's claims from coverage.
Third-party plaintiffs next contend that some of the plaintiff's claims in the underlying complaint do not fall within the "wrongful act" policy exclusion. They cite, from count I, allegations that the directors failed to obtain insurance which would "process with diligence any claims declared under said policy" and which would "oversee the insurance company's response to claims made under the insurance policy." Further, count I alleges that the board members failed to assist plaintiff in having his premises restored as required by the Condominium Property Act. From count II, third-party plaintiffs cite the allegation that defendants failed to assist plaintiff in the processing of his claim with defendants' insurance company. Finally, count III alleges that defendants had a duty to see that all claims filed with the insurance company were processed diligently and that defendants failed to compel completion of plaintiff's unit.
Third-party plaintiffs contend that the cited allegations do not relate to the defendants' failure to procure, effect or maintain insurance. Rather, they contend that the allegations relate to defendants' purported failure to assist plaintiff in his claim, their failure to push Economy Preferred to act with dispatch, and their failure to monitor Economy Preferred's adjustment of the claim. Therefore, these allegations fall outside of the policy exclusion.
 5 An insurance company's obligation to represent its insured depends on the allegations of the complaint and the provisions of the insurance policy. (Tuell v. State Farm Fire & Casualty Co. (1985), 132 Ill. App.3d 449, 477 N.E.2d 70.) An insurer has a duty to defend an action brought against the insured if the complaint alleges facts within, or potentially within, coverage. (Tuell, 132 Ill. App.3d at 452, citing Thornton v. Paul (1978), 74 Ill.2d 132, 144, 384 N.E.2d 335.) The duty to defend applies where the complaint alleges several causes of action or theories of recovery against an insured, even if only one *541 or some of them are within policy coverage. (Maryland Casualty Co. v. Peppers (1976), 64 Ill.2d 187, 194, 355 N.E.2d 24.) The complaint must be liberally construed and all doubts resolved in favor of the insured. Maryland Casualty Co. v. Chicago & North Western Transportation Co. (1984), 126 Ill. App.3d 150, 446 N.E.2d 1091.
 6 The cited allegations set forth a failure to provide diligent and efficient processing and monitoring of claims. We find that these allegations, when read in the context of the complaint as a whole and in the context of each count of the complaint, relate to "procuring, effecting and maintaining" insurance. Therefore, the allegations come within the exclusionary language of exclusion "E" of the policy endorsement. Accordingly, Economy Preferred did not have a duty to defend third-party plaintiffs against the claims alleged in the underlying complaint.
Third-party plaintiffs cite case law for the proposition that the exclusionary language of an insurance policy must be strictly construed against the insurer. (Herrera v. Benefit Trust Life Insurance Co. (1984), 126 Ill. App.3d 355, 466 N.E.2d 1172.) Further, they cite the rule that if a policy provision is ambiguous, the ambiguity must be construed in favor of the insured. (Simioni v. Continental Insurance Cos. (1985), 135 Ill. App.3d 916, 482 N.E.2d 434.) Third-party plaintiffs assert that there is no ambiguity in exclusion "E" and that the language clearly does not exclude the claims made by plaintiff.
We agree that the exclusionary language is not ambiguous. We find, however, that the allegations of the complaint fail to set forth facts which bring the plaintiff's claims outside of exclusion "E." See Menke v. Country Mutual Insurance Co. (1980), 78 Ill.2d 420, 401 N.E.2d 539.
Third-party plaintiffs also contend that since plaintiff's claims are arguably within coverage, Economy Preferred had an absolute duty to defend and third-party plaintiffs were entitled to summary judgment in their favor. Third-party plaintiffs assert that even if Economy Preferred believed that it had a valid defense of exclusionary coverage, Economy Preferred had three options: (1) to secure a declaratory judgment while defending under a reservation of rights; (2) to defend under a reservation of rights and seek a declaratory judgment in a subsequent suit; or (3) to defend without a reservation of rights.
We need not address, however, the issue of Economy Preferred's alleged absolute duty to defend, under a reservation of rights or otherwise, since we have found that the exclusionary language of the policy shows that Economy Preferred had no duty to defend.
Finally, third-party plaintiffs contend that Economy Preferred is *542 required to indemnify them for any damages awarded to plaintiff for damages resulting from conduct not excluded from coverage by the policy. Economy Preferred responds that the issue of indemnification has been raised prematurely and is not yet ripe for determination by this court.
 7 The court in Maryland Casualty Co. v. Chicago & North Western Transportation Co. (1984), 126 Ill. App.3d 150, 466 N.E.2d 1091, stated that a declaratory judgment action to determine an insurer's duty to indemnify its insured, brought prior to a determination of the insured's liability, is premature since the question to be determined is not then ripe for adjudication. In view of our finding that the exclusionary language of the policy shows that Economy Preferred owes no duty to defend third-party plaintiffs, we must also find that Economy Preferred cannot be liable to indemnify third-party plaintiffs regarding the underlying litigation. Accordingly, we hold that the trial court properly determined that Economy Preferred had no duty to indemnify.
For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.
Judgment affirmed.
WHITE and CERDA, JJ., concur.