FEDERAL INSURANCE COMPANY *et al.*, Plaintiffs-Appellants, v. ECONOMY FIRE & CASUALTY COMPANY, Defendant-Appellee.

First District (1st Division)   Nos. 1—87—1218, 1—87—1275 cons.

Opinion filed September 29, 1989.

Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellant Federal Insurance Company.

Corboy & Demetrio, P.C., of Chicago, for appellant Marirose Johnson.

Williams & Montgomery, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

Plaintiffs appeal from an order granting summary judgment to the defendant in a declaratory judgment action. For the reasons stated below, we affirm the judgment of the circuit court.

The record discloses the following. On October 6, 1979, Jay T. Michel (Jay), an employee of Michel Masonry Company (Michel Masonry), was involved in an accident while driving an automobile owned by Michel Masonry. A passenger in the car, Marirose Johnson, filed suit for personal injury against Jay, Michel Masonry and the drivers of the other two automobiles involved in the accident.

Jay's father, Elwood Michel, had a personal estate protector umbrella policy with Economy Fire and Casualty Company (Economy) for excess coverage. In December 1980 Economy denied coverage to Jay. National Grange Insurance Company and Federal Insurance Company (Federal) defended the claim against Jay and Michel Masonry and settled for the limits of their policies. Economy refused to participate in either the defense or the settlement of the suit. Pursuant to the settlement, Jay obtained a full release from the plaintiff and assigned to her any rights he may have against Economy for its failure to defend.

Johnson and Federal filed a declaratory action against Economy, alleging that it had breached a duty to defend and indemnify Jay pursuant to the insurance policy. Plaintiffs claim that the allegations of the original complaint triggered Economy's obligation to defend Jay and Michel Masonry and that Economy's refusal of coverage was wrongful.

The parties filed cross-motions for summary judgment. Plaintiffs' motion alleged that Economy had a duty to defend Jay pursuant to his father's policy and that it wrongfully failed to defend or participate in the settlement. They claim that since Economy neither defended under a reservation of rights, nor sought a declaratory judgment as to coverage, it was estopped from denying coverage; and consequently, plaintiffs were entitled to summary judgment.

Economy based its motion for summary judgment on the fact that it had no duty to defend Jay because he was not an insured under the policy. The court denied plaintiffs' motion and granted Economy's motion for summary judgment.

The plaintiffs' appeals have been consolidated, and they argue that Economy should be estopped from denying coverage since: (1) it failed to defend under a reservation of rights or to file a declaratory action as to coverage, and (2) it improperly asserted the attorney-client privilege to the communication which formed the basis of its decision to deny coverage.

■ When reviewing a trial court's entry of summary judgment, the reviewing court's sole function is to determine whether the trial court properly concluded that there were no genuine issues of material fact; and if there were none, whether judgment for the movant was correct as a matter of law. *Coomer v. Chicago & North Western Transportation Co.* (1980), 91 Ill. App. 3d 17, 414 N.E.2d 865; *Van Vactor v. Blue Cross Association* (1977), 50 Ill. App. 3d 709, 365 N.E.2d 638; Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.

■ In determining whether an insurer owes a duty to defend the insured, courts look to the four corners of the complaint brought against the insured. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 193, 355 N.E.2d 24.) When an insurer contracts to defend its insured, it must do so unless it is clear from the face of the complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage. *Conway v. Country Casualty Insurance Co.* (1982), 92 Ill. 2d 388, 393, 442 N.E.2d 245; *Clemmons v. Travelers Insurance Co.* (1981), 88 Ill. 2d 469, 475, 430 N.E.2d 1104. See also *Zurich Insurance Co. v. Raymark Industries, Inc.* (1987), 118 Ill. 2d 23, 52, 514 N.E.2d 150.

■ Pursuant to these principles, two requirements must be satisfied before an insurer's duty to defend arises: (1) the action must be brought against an insured, and (2) the allegations of the complaint must disclose the potential of policy coverage. (*Murphy v. Peterson* (1984), 129 Ill. App. 3d 952, 957, 473 N.E.2d 480.) If the allegations of the complaint reveal that the action was not brought against an insured and that there was no potential for coverage under the policy, there is no duty to defend the underlying action (*MFA Mutual Insurance Co. v. Crowther, Inc.* (1983), 120 Ill. App. 3d 387, 390, 458 N.E.2d 71), and the insurer can justifiably refuse to defend. *La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446, 451, 408 N.E.2d 920.

Plaintiffs contend that Jay was potentially insured as: (1) any person using an automobile owned by, loaned to or hired for use in behalf of the named insured (paragraph III(b)(1) of Economy's insuring agreement), or (2) with respect to a nonowned automobile, any relative, provided the actual use thereof is with the permission of the

owner (paragraph III(b)(2) of the insuring agreement). Defendant, on the other hand, asserts it had no duty to defend Jay because (1) he was not an insured under the policy, and (2) it did not have a duty to defend an insured until the insured's liability exceeded the coverage provided by the underlying insurance. Economy maintains that it is clear from the face of the complaint that Jay was not an insured, and consequently, that there was no potential for coverage.

▆ In the instant case, neither of the foregoing requirements is satisfied. First, no person or entity insured by Economy was named as a defendant in the complaint filed by Marirose Johnson. Marirose sued Jay and the other defendants individually. She sued Michel Masonry in its corporate name. Elwood Michel, the named insured under Economy's policy, was never named as a defendant in the underlying action. No third-party action was ever filed against Elwood Michel.

Second, all of the allegations in the underlying action were directed against Jay as the operator of an automobile involved in an accident which was owned by Michel Masonry. The complaint alleges that Jay was acting as an agent and authorized employee of Michel Masonry at the time of the occurrence. The complaint does not allege that the automobile had been loaned to or hired for the father's use. Moreover, there was never any allegation in Marirose Johnson's complaint that Jay was in any manner connected with or acting on behalf of his father, Elwood Michel. Hence, the allegations of Marirose Johnson's complaint reveal that the action was not brought against Elwood Michel, the insured, and that there was no potential for coverage pursuant to paragraph III(b)(1) of the Economy policy.

▆ For Jay to be an insured pursuant to paragraph III(b)(2), he must have been a "relative" using a "non-owned automobile," with the owner(s) permission. "Relative" was defined by the policy as a relative of the named insured who is a resident of the same household. A "non-owned automobile" was defined by the Economy policy as any automobile not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile.

The record discloses that the underlying complaint did not allege that Jay was a relative of Elwood Michel or that the automobile in question was a nonowned automobile, as defined in Economy's policy. Consequently, there was similarly no potential for coverage under this provision of the insuring agreement. Under these circumstances, the potential for "coverage cannot be inferred merely because the son of the insured is named in a lawsuit." *Murphy v. Peterson* (1984), 129 Ill. App. 3d 952, 958, 473 N.E.2d 480.

We briefly discuss Economy's argument that an excess carrier has no duty to defend an insured until the insured's liability exceeds the coverage provided by the underlying insurance(s). Economy's policy contains separate provisions concerning liability and defense. The liability section provides that the company agrees to indemnify the insured for the ultimate net loss in excess of the retained limit which the insured shall become legally obligated to pay as damages because of personal injury of property damage. "Ultimate net loss" means the total sum which the insured or any insurer of the insured becomes obligated to pay in settlement or satisfaction of a loss for which the insured is liable either by adjudication or compromise.

The defense-settlement section provides, in part:

> "With respect to any sum for which the insured is alleged to be legally obligated but for which damages are not payable (1) under the insuring agreements of any underlying policy(ies) or insurance described in Schedule A of the declarations, or (2) under any other underlying insurance available to the insured, or (3) due to the exhaustion of the limit of liability through the payment of damages under the insuring agreements of an underlying policy(ies) or insurance, but covered by the terms and conditions of this policy *** the company shall: (a) defend any suit against the insured alleging personal injury or property damage and seeking damages on account thereof."

The policy provides that Economy has a duty to defend an insured "when the insured is alleged to be legally obligated" for damages exceeding the coverage provided by the underlying insurance. Thus, in the event Jay was an insured pursuant to the policy and the claim exceeded the underlying coverage, Economy would have had a duty to defend.

Plaintiffs contend that notwithstanding the foregoing analysis or a determination whether an insurer is a primary or excess carrier, when faced with a complaint it believes is not covered by its policy, an insurer must either defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage. The plaintiffs further contend that if the insurer does neither and refuses to defend, then it is estopped from alleging later that the insured was not covered by the policy or that there are policy defenses. (*La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446, 451, 408 N.E.2d 298. See also *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 387 N.E.2d 700.) We disagree as noted above and conclude that Economy is not estopped to assert its noncoverage in the underlying action. We find that the trial court properly granted

summary judgment to Economy. There was no genuine issue of material fact presented here since the underlying complaint failed to allege negligence against an insured or any other potential for coverage.

Moreover, we believe that the cases relied on by the plaintiffs are distinguishable from the case at bar. They involve either (1) the situation wherein the insurer failed to indemnify an action based on an exclusion in the insurance policy, or (2) the situation wherein the primary insurer's duty to defend its insured was at issue. In the present case, no entity or individual insured by Economy was ever made a party to the underlying complaint, and further, the Economy policy provided excess coverage, not primary coverage. Primary insurance coverage is coverage whereby, under the terms of the policy, liability attaches immediately upon the happening of the event that gives rise to liability. Primary insurers generally have the primary duty of defense. Excess or secondary coverage is coverage whereby, under the terms of the policy, liability attaches only after a predetermined amount of primary coverage has been exhausted. *Whitehead v. Fleet Towing Co.* (1982), 110 Ill. App. 3d 759, 442 N.E.2d 1362.

Plaintiff Marirose Johnson, in her motion to file additional authority, relies on *Standard Mutual Insurance Co. v. General Casualty Cos.* (1988), 171 Ill. App. 3d 758, 765, for the proposition that an insurance company, "by acknowledging coverage under the policy," acts in a manner to show an "intentional relinquishment" of its rights to later deny coverage. We believe that *Standard Mutual v. General Casualty* is distinguishable. In that case, General Casualty recognized the validity of its policy for one claim and then argued that the entire policy was null and void when another claim arising out of the same incident was made. Here, Economy initially claimed, in a letter to one of the other insurance carriers, that its policy may have potentially covered the incident. However, after its investigation and determination by legal counsel that there was no coverage, Economy maintained that neither Jay or Michel Masonry was insured by *any* provisions of the insuring agreement pursuant to the allegations of the underlying complaint.

Therefore, we do not find *Standard Mutual* apposite here. Next, the plaintiffs contend that Economy should be estopped from denying coverage because it asserted the attorney-client privilege to the communication which formed the basis of its decision to deny coverage. The communication the plaintiffs are referring to is the opinion Economy solicited from its attorney concerning whether it was required to provide coverage for Jay. Plaintiffs learned of the communications during their deposition of Mr. Unish, Economy's vice-president and di-

rector of claims. Mr. Unish testified that coverage was denied Jay on the advice of Economy's attorney.

Plaintiffs argue that Mr. Unish's consultation with his attorney was for the purpose of "business advice" or "corporate decision making." Economy, on the other hand, asserts the solicitation of an opinion whether it was required to provide coverage or participate in the litigation was clearly legal advice.

■ We believe that the communication between Economy and its attorney is irrelevant to the disposition of this case, and that further, there is no reason why the plaintiffs should be entitled to that communication. The issue here is not why counsel opined that Economy should deny coverage, but whether Economy was justified in its refusal to defend and its denial of coverage. As noted earlier, Economy's denial was not wrongful.

Moreover, we note that even if the issue of the attorney's opinion had any bearing on this case, the attorney notes and memoranda of oral conversations, including any opinions to Economy, are not routinely discoverable and are normally protected under the attorney-client privilege. *Consolidation Coal Co. v. Bucyrus-Erie Co.* (1982), 89 Ill. 2d 103, 432 N.E.2d 250.

Accordingly, for the reasons above stated, we affirm the judgment of the circuit court.

Judgment affirmed.

CAMPBELL and QUINLAN, JJ., concur.