EMPIRE FIRE AND MARINE INSURANCE COMPANY, Plaintiff-Appellant, v. CLARENDON INSURANCE COMPANY *et al.,* Defendants-Appellees.

First District (5th Division)    No. 1—93—2028

Opinion filed October 28, 1994.—Rehearing denied November 30, 1994.

Scott Skaletsky and Karen A. Keefer, both of Skaletsky & Mannis, P.C., of Chicago, for appellant.

Michael Resis and Randy Sue Schreiber, both of Querrey & Harrow, Ltd., of Chicago, for appellee Clarendon Insurance Company.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Empire Fire & Marine Insurance Company (Empire) appeals the denial of its summary judgment motion and the grant of Clarendon Insurance Company's[1] (Clarendon's) cross-motion for summary judgment in a declaratory judgment action regarding insurance coverage in relation to an August 4, 1989, auto accident. The facts giving rise to this appeal are as follows.

A multi-vehicle automobile accident occurred on August 4, 1989, while defendant Florence Nicpon (Nicpon), a "car hiker" for defen-

---

[1]Clarendon indicates in its brief that its correct name is Clarendon National Insurance Company.

dant Lakeshore Auto Sales, Inc. (Lakeshore), was returning a 1987 Dodge Dakota from Lakeshore's location in Zion, Illinois, to defendant Schaumburg Toyota, Inc. (Schaumburg), in Schaumburg. Lakeshore had intended to purchase the 1987 Dodge Dakota from Schaumburg, but allegedly rejected the vehicle due to its failure to conform to representations made by Schaumburg based upon a defective paint job. Allegedly Schaumburg agreed that Lakeshore could return the vehicle. Nicpon, a "car hiker" who had worked for Lakeshore for the past several months, was then assigned to return the Dakota to Schaumburg.

Nicpon, while leading a group of three other car hikers, allegedly crossed the median on Palatine Road resulting in a number of collisions and injuring, among others, Judith Arnold (Arnold) and Ramona Cimballo (Cimballo). Arnold and Cimballo filed lawsuits to recover for personal injury damages sustained during this accident. The Arnold suit (docket No. 90—L—5301) claimed, in count I, that Lakeshore owned the Dodge Dakota and that Nicpon was an agent, servant or employee of Lakeshore. Alternatively, in count II, the Arnold suit claimed that Schaumburg owned the vehicle and that Nicpon was its agent, servant or employee. The Cimballo suit (docket No. 90—L—19944) named only Nicpon and Lakeshore as defendants. Cimballo alleged that she was injured as a result of a collision with a Dodge Dakota, which was in the possession and control of Lakeshore and operated by Nicpon, who was Lakeshore's employee.

Subsequently, Empire, Lakeshore's insurer, tendered the entire defense of the Arnold and Cimballo lawsuits to Clarendon, Schaumburg's insurer, claiming that Clarendon's policy of insurance provided primary coverage for all defendants named in both suits. Clarendon rejected the tender. Empire then filed a declaratory judgment action and moved for summary judgment, claiming that, as a matter of law, Clarendon's policy of insurance provided primary coverage for all defendants. Clarendon filed a cross-motion for summary judgment, claiming that, as a matter of law, its policy of insurance did not cover Nicpon or Lakeshore and, therefore, they had no duty to defend these parties. After a hearing on the motions, the trial court issued an order denying Empire's motion, but granting Clarendon's cross-motion for summary judgment, finding that the Dodge Dakota was not a "covered auto" under Clarendon's policy of insurance. It is from this order that Empire appeals.

On appeal, Empire does not deny that Lakeshore and Nicpon tendered the defense of the law suits to it and that they are insureds under its policy of insurance. Rather, Empire contends that the Dodge Dakota being returned to Schaumburg from Lakeshore was a

"covered auto" under *both* the Empire and Clarendon insurance policies and that, pursuant to Clarendon's policy provisions, the Clarendon policy afforded primary coverage. In support of this position, Empire contends that Nicpon was an "insured" under Clarendon's policy of insurance because she was working in furtherance of Schaumburg's "garage operations" and that ownership of the Dakota and the attendant risk of loss remained with Schaumburg because Lakeshore properly rejected the vehicle as a nonconforming good. Finally, Empire argues that its tender of the defense of the underlying cases was sufficient to trigger coverage under Clarendon's policy of insurance for Nicpon and Lakeshore.

Clarendon, on the other hand, argues that it owes no duty to defend Nicpon or Lakeshore in either underlying action because, as the trial court properly determined, the Dakota was not a "covered auto" at the time of the accident pursuant to the provisions of its policy of insurance. Clarendon's policy provision states that a "covered auto" is one that is in the actual possession or control of the insured (Schaumburg) or its bailee. Clarendon argues that, since the allegations in the complaints charge that Nicpon was Lakeshore's agent and that Lakeshore owned, possessed or controlled the Dakota, the allegations in the complaints take Nicpon and Lakeshore outside the parameters of Clarendon's policy of insurance. Clarendon also denies that Nicpon was acting in furtherance of Schaumburg's garage operations.

It is Clarendon's position that it was proper for the trial court to interpret its policy provisions and determine that Lakeshore and Nicpon were not insureds. In so doing, Clarendon claims the trial court correctly determined that Empire's motion for summary judgment should be denied and Clarendon's motion should be granted.

In the alternative, however, Clarendon argues that a second basis exists for upholding the trial court's ruling. Clarendon contends that its duty to defend Lakeshore and Nicpon was never triggered because Lakeshore and Nicpon looked only to Empire for a defense and they never tendered or authorized the tender of the defense of the underlying actions to Clarendon.

It should also be noted that two motions have been filed with this court and have been taken with the case; first, a motion by Ramona Cimballo for leave to file a brief in support of Empire, and, second, a motion by Empire for leave to file an additional brief on the issues of waiver and estoppel.

For reasons that follow, we affirm the trial court's denial of summary judgment to Empire, but reverse the trial court's order granting

summary judgment to Clarendon. The motions before this court and taken with the case are also denied at this time.

■■ Settled law in Illinois recognizes that an insurer owes an insured two duties, the duty to defend and the duty to indemnify. The two duties are not coextensive. An insurer's duty to defend or, if a conflict of interest exists, to provide for a defense is determined by the allegations contained within the complaint. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24; *Central Mutual Insurance Co. v. Kammerling* (1991), 212 Ill. App. 3d 744, 571 N.E.2d 806.) The insurer's obligation is triggered when the insured, or someone acting on behalf of the insured, tenders the defense of an action which alleges facts that fall within, or potentially within, the policy's coverage. (*Institute of London Underwriters v. Hartford Fire Insurance Co.* (1992), 234 Ill. App. 3d 70, 599 N.E.2d 1311.) This duty exists even if the allegations in the complaint are groundless, false or fraudulent (*Insurance Co. v. Protective Insurance Co.* (1992), 227 Ill. App. 3d 360, 592 N.E.2d 117) and if only one of several theories of recovery alleged in the complaint potentially falls within the policy's coverage (*United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1991), 144 Ill. 2d 64, 578 N.E.2d 926). If an insurer is in doubt as to its duty to defend, it should seek a declaratory judgment as to its rights and obligations, or defend under a reservation of rights, or both. (*Insurance Co. v. Protective Insurance Co.*, 227 Ill. App. 3d at 365.) However, a declaratory judgment action to determine an insurer's duty to defend will be deemed premature if, in resolving the question, one must look beyond the allegations of the complaint or if issues crucial to the underlying action would be decided, thereby precluding one or more theories of recovery. *Thornton v. Paul* (1978), 74 Ill. 2d 132, 384 N.E.2d 335; *Maryland Casualty Co. v. Peppers*, 64 Ill. 2d at 197, 355 N.E.2d at 30.

In the present case, Empire does not contest the fact that the allegations in the underlying Arnold and Cimballo actions alleged facts which brought Lakeshore and Nicpon potentially within the coverage of its policy. Thus, once Lakeshore and Nicpon tendered the defense of the actions to Empire, there is no doubt that Empire owed them the duty to defend them or, if a conflict of interest existed, to provide for their defense. Empire concedes this point but, nonetheless, sought a declaratory judgment that Clarendon, too, owed Lakeshore and Nicpon a duty to defend, and that Clarendon's policy provided primary coverage.

■ Based upon the principles stated above, the first matter to be considered is whether the allegations in either complaint placed Lakeshore or Nicpon within, or potentially within, the coverage of

the policy Clarendon provided Schaumburg. Looking at the Arnold complaint, it can be seen that the complaint alleges, in alternative counts, that Nicpon is the agent, servant or employee of either Lakeshore or Schaumburg. It seems clear, therefore, that the Arnold complaint alleges facts that would bring Nicpon potentially within the coverage of the policy Clarendon provided to Schaumburg. Furthermore, if Empire's duty to defend Lakeshore and Nicpon, its alleged agent, servant or employee, was triggered by Lakeshore's tender, Clarendon's obligation to defend Schaumburg and its alleged agent, servant, or employee (Nicpon) would also be triggered by Schaumburg's tender to Clarendon. We find, therefore, that Clarendon owes Nicpon a duty to defend under the Schaumburg policy equal to that of Empire's duty under Lakeshore's policy.

Nevertheless, Empire's declaratory judgment action seeking a ruling that Clarendon's policy provided primary coverage was premature and the trial court properly denied the motion. This is because the resolution of the issue of primary coverage would require the trial court to determine which of the two parties, Schaumburg or Lakeshore, owned the Dodge Dakota at the time of the accident. This issue is a hotly contested issue of fact and one of the ultimate issues upon which recovery is predicated. Thus, it would be inappropriate and an abuse of discretion for the trial court to make such a determination.

For similar reasons, we must find that the trial court abused its discretion in ruling that Clarendon owed no duty to defend or indemnify either Lakeshore or Nicpon. In so holding the trial court went beyond the allegations of the Arnold complaint and determined that, at the time of the accident, the Dodge Dakota was not in the actual possession of Schaumburg or its bailee and, thus, was not a "covered auto" within the terms of Clarendon's policy of insurance. However, as stated above, since Nicpon was alleged to have been the agent, servant or employee of both Lakeshore and Schaumburg, the resolution of this issue would be a premature determination of one of the ultimate facts upon which recovery was predicated. Therefore, we reverse the portion of the trial court's order granting Clarendon's motion for summary judgment.

In light of our resolution of the issues on appeal, we find it unnecessary to address the motion by Cimballo to intervene in the appeal or the motion by Empire to file an additional brief to raise new matters. These motions, which were taken with the case, are hereby denied.

The order of the circuit court denying Empire's motion for summary judgment is affirmed; the order granting Clarendon's motion for summary judgment is reversed.

Affirmed in part; reversed in part.

GORDON, J., concurs.

JUSTICE COUSINS, concurring in part and dissenting in part:

I concur in part and dissent in part for the reasons which follow.

Contrary to the majority opinion, the primary issue in the instant appeal is not who "owned the Dodge Dakota at the time of the accident." (267 Ill. App. 3d 1027.) The primary issue in this appeal is whether the auto was in the actual possession of the insured (Schaumburg) or bailee of the insured at the time of the accident. (See 267 Ill. App. 3d at 1027.) Based on the pleadings and depositions, the trial court properly found that there was no coverage under the Clarendon policy. Therefore, summary judgment was properly granted in favor of Clarendon (Schaumburg's insurer).

Schaumburg's insurance policy with Clarendon clearly excludes coverage in the instant case. The Clarendon policy states in relevant part:

" 'Covered auto' means an automobile owned or hired by or consigned to the named insured which is:

a. held for sale, or

b. used in the automobile business of the insured, or

c. a customer rental auto, or

d. a company auto, or

e. held by the insured pending removal from the insured's premises after sale.

*All only while the covered autos are in the actual possession of the insured or bailee of the insured.*" (Emphasis added.)

The trial court correctly concluded that the pick-up truck was not a "covered auto" under the Clarendon policy as it was not in the "actual possession" of Schaumburg Toyota or its bailee at the time of the accident. Thus, Clarendon owed no duty to defend Lakeshore or its car hiker.

In Illinois, an insurer must defend when a complaint has been filed against the insured and the allegations are sufficient to bring the case potentially within coverage. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 193, 355 N.E.2d 24; *Thornton v. Paul* (1978), 74 Ill. 2d 132, 144, 384 N.E.2d 335.) This court has stated that "if the complaint contains allegations which *if true* would exclude coverage under the policy, the insurer has no obligation to defend." (Emphasis added.) (*Associated Indemnity Co. v. Insurance Co. of North America* (1979), 68 Ill. App. 3d 807, 817, 386 N.E.2d 529.) "Primary insurance coverage is coverage whereby, under the terms of the

policy, liability attaches immediately upon the happening of the event that gives rise to liability." (*Federal Insurance Co. v. Economy Fire & Casualty Co.* (1989), 189 Ill. App. 3d 732, 738, 545 N.E.2d 541.) Furthermore, where the trial court properly holds that an insurance company has no duty to defend, it may also find that the insurer has no duty to indemnify (*Altaf v. Hanover Square Condominium Association No. 1* (1989), 188 Ill. App. 3d 533, 542, 544 N.E.2d 1032).

Two conditions must be met before an insurer's duty to defend arises: (1) *the action must be brought against an insured* and (2) *the allegations of the complaint must disclose potential coverage under the policy.* (*Employers Mutual Cos./Illinois Emcasco Insurance Co. v. Country Cos.* (1991), 211 Ill. App. 3d 586, 591, 570 N.E. 2d 528; *Federal Insurance Co.*, 189 Ill. App. 3d at 735; *Murphy v. Peterson* (1984), 129 Ill. App. 3d 952, 957, 473 N.E.2d 480.) Clarendon properly declined to defend allegations where its named insured was *not* covered under the Clarendon policy. Neither condition was met in the instant case.

The Riesco and Cimbalo lawsuits fail to name Schaumburg Toyota as a defendant. The Cimbalo lawsuit alleges:

"At the time and place alleged herein, LAKESHORE AUTO SALES, INC., employed one FLORENCE R. NICPON as a driver and directed said FLORENCE R. NICPON to drive a certain Dodge Dakota Pick-Up Truck in possession and control of Defendant LAKESHORE AUTO SALES, INC., to SCHAUMBURG TOYOTA, INC., in Schaumburg, Illinois."

This is the sole allegation in the Cimbalo complaint which even mentions Schaumburg Toyota. Count I of the Arnold lawsuit alleges that Lakeshore "owned" the pick-up truck and that Lakeshore, acting through its "agent and/or employee" Nicpon, was guilty of negligence.

Taking these allegations as true, in accord with well-established Illinois law (*Associated Indemnity Co.*, 68 Ill. App. 3d at 817; *Sheppard, Morgan & Schwaab, Inc. v. United States Fidelity & Guaranty Co.* (1976), 44 Ill. App. 3d 481, 484, 358 N.E.2d 305), Clarendon owed no duty to defend Lakeshore and its car hiker with respect to a pick-up truck which Lakeshore "owned" or which was in Lakeshore's "possession and control" when the accident took place while Lakeshore's car hiker was driving it.

In the trial court, Empire made no claim whatsoever that Lakeshore was Schaumburg Toyota's bailee. The following colloquy took place between Empire's counsel and the trial court at the hearing on April 26, 1993:

"THE COURT: *Who was the bailee?*

[EMPIRE'S COUNSEL]: *The bailee is Florence Nicpon, the driver.*" (Emphasis added.)

The plaintiff must provide some factual basis which would arguably entitle Empire to judgment. A triable issue precluding summary judgment exists only where *material* facts are disputed. (*Ray v. City of Chicago* (1960), 19 Ill. 2d 593, 169 N.E.2d 73.) When the case came before the trial court on cross-motions for summary judgment, all material facts were before the court and the parties agreed that only a question of law was involved. Therefore, the entry of summary judgment for one or the other was proper. *Allen v. Meyer* (1958), 14 Ill. 2d 284, 292, 152 N.E.2d 576; *Wenger v. Finley* (1989), 185 Ill. App. 3d 907, 911, 541 N.E.2d 1220.

It is noteworthy that Lakeshore has never tendered the defense to Schaumburg Toyota or Clarendon. Empire did not file its action against Clarendon in the lower court at either the request of or on behalf of Lakeshore and Nicpon. On the contrary, Empire has named them as defendants. Also, neither Lakeshore, Nicpon, Riesco, nor Arnold has filed briefs or sought to be heard in the instant appeal. Cimbalo has no pending appeal and, in my opinion, has no standing to appeal. The only appellant in the instant case is Empire.

The law in Illinois is that an insurer's obligations under an insurance contract are triggered *when the insured* tenders an action potentially within the policy coverage. (*Institute of London Underwriters v. Hartford Fire Insurance Co.* (1992), 234 Ill. App. 3d 70, 73, 599 N.E.2d 1311; *Hartford Accident & Indemnity Co. v. Gulf Insurance Co.* (7th Cir. 1985), 776 F.2d 1380; *Solo Cup Co. v. Federal Insurance Co.* (7th Cir. 1980), 619 F.2d 1178, 1183.) Coverage cannot be triggered by tender from a rival insurer. (*Institute of London Underwriters*, 234 Ill. App. 3d at 75.) Here, neither Lakeshore nor Nicpon, through its agents or attorneys, requested Clarendon's or Schaumburg Toyota's assistance. To the contrary, Empire admitted that Nicpon and Lakeshore tendered only to it. Empire never made the representation that it was acting upon or at the request of Nicpon or Lakeshore. The criteria for a proper tender require that a specific request for the insurer's assistance be made *by an insured*, or person authorized to act on behalf of the insured, and be made in a timely manner. (*Institute of London Underwriters*, 234 Ill. App. 3d at 75.) Even where an insurer is aware that its own insured is sued, there must be a tender in order to trigger coverage. In the absence of a proper tender, *the insurer is not required to defend or indemnify a claim.* (*Institute of London Underwriters*, 234 Ill. App. 3d at 76.) Although the trial court did not reach this issue, this court can affirm for any reason appearing on this record. *Leavitt v. Farwell Tower Ltd. Partnership* (1993), 252 Ill. App. 3d 260, 265, 625 N.E.2d 48. See also *Hartford Accident & Indemnity Co. v. Gulf Insurance Co.* (7th Cir. 1985), 776 F.2d 1380.

Accordingly, I concur with that part of the opinion which affirms the trial court's dismissal of Empire's motion. However, I dissent from the reversal of the trial court's grant of Clarendon's cross-motion for summary judgment.