La Vida, Inc., an Illinois Corporation, and La Salle National Bank, a National Banking Association as Trustee Under the Provisions of La Salle National Bank Trust No. 21604, Plaintiffs-Appellants, v. Samuel A. Robbins, et al. (Victor L. Glader, et al.), Defendants-Appellees.

**Gen. No. 11,485.**

Second District, First Division.

December 4, 1961.

Grosshandler, Pauker, and Shelly, of Highland Park, Edward R. Fischl, of Oak Park, for appellant.

Dixon & Seidenfeld, of Waukegan, Drake Leoris, of Chicago, for appellee.

SMITH, J.

■ Plaintiffs appeal from an order setting aside their default judgment. Defendants' successful attack was launched pursuant to Section 50(6) of the Civil Practice Act [Ill Rev Stats 1959, c 110, § 50(6)], which authorizes relief of this kind on motions filed within thirty days after entry. Plaintiffs' lawsuit, therefore, is back again at the complaint stage. As a preliminary point defendants could question the right of the plaintiffs to appeal this order. They do not. Indeed, both parties apparently subscribe to the proposition that the order is appealable. Their briefs by silence would lure us into an opinion as to the propriety of the order itself, without any initial inquiry by us as to whether it should even be here. We reject the lure. Presuppositions do not determine appellate jurisdiction. Our

power rests on something much more solid than the shifting sands of what the litigants may desire of us.

■■ To be specific, our review is limited to orders that can be characterized as final. Section 77(2) of the Civil Practice Act [Ill Rev Stats 1959, c 110, § 77(2)] spells this out with precision: "Appeals shall lie to the Appellate Court . . . in cases in which any form of review may be allowed by law to review the final judgments, orders or decrees of the Circuit Court . . . ." An order of court which leaves a cause still pending and undecided is not a final order. Harris v. Aetna Ins. Co., 19 Ill App2d 577, 154 NE2d 862; People v. Fisher, 335 Ill 406, 167 NE 59. Before we can call an order final, it must be dispositive of the issues and rights of the litigants. An order is final only when it terminates once and for all, the litigation or some definite part thereof. In that happenstance, it then becomes the law's last word on the matter. The loser, if he would continue the litigation, must come up here or higher, and then only for the purpose of having his final judgment reviewed. Interim appeals are not for us. In 2 ILP 188, Appeal and Error, Sec 106, it is said:

> "A final order, judgment, or decree usually is defined as one which disposes of the merits of the case and the rights of the parties, either on the entire controversy or on some separate and definite branch thereof, so that, if affirmed, the trial court has only to proceed with the execution of the judgment. A judgment which does not disclose that it is in favor of anyone is not a final judgment. . . . A final decree is not necessarily the last order in the case, but it is the order or decree which fixes and settles the rights of the parties."

■ The order appealed from is interlocutory. The controversy presently remains undetermined. No one

has won or lost. With the judgment set aside there still remains the complaint. This piece of litigation, far from being over, has just begun. At this point, finality in the sense of Sec 77 CPA is a long way off. We quote again from 2 ILP at page 211:

> "An order setting aside or vacating a judgment . . . is interlocutory and not appealable, as where a default judgment is set aside merely for the purpose of allowing the party to plead or interpose a defense, and the parties must await a final judgment from which an appeal will lie."

Plaintiffs' complaint may be their last word but it is not the law's. Lawsuits, as we know, do not stop there, that is, if either of the litigants wills a forward march.

■ There is no exception in Section 77 or in any other section of the Civil Practice Act authorizing an appeal from this type of interlocutory order. Jurisdiction is said to be based upon power and, if this is so, because we here lack power, we likewise lack jurisdiction. We need no prompter to call our jurisdiction into question. We can call this cue ourselves. We are bound, perforce, on our own motion to dismiss this appeal for lack of jurisdiction even though the defendants, as appellees, make no motion to that end. General Elec. Co. v. Gellman Mfg. Co., 318 Ill App 644, 48 NE2d 451.

There is nothing unjust in the requirement that an order to be appealable must be final. The requirement is a good one. Were it unhappily otherwise appellate tribunals would be deluged with a torrent of piecemeal appeals. Appeals when they come, should come not in single file but in battalions. One glance over the shoulders of the trial judge should be enough. There is time enough for adequate review after the controversy has been concluded with a judgment on the

merits. Interim orders can then be properly considered. Accordingly, because we lack jurisdiction to review this order the appeal is dismissed.

We took with this case appellee's motion to dismiss based on other grounds. Our holding here makes the questions therein raised academic and, perforce, they will not recur.

Appeal dismissed.

DOVE, P. J. and McNEAL, J., concur.