OAK BROOK BANK, Plaintiff-Appellee, *v.* CITATION CYCLE COMPANY *et al.*, Defendants.—(AMERICAN BICYCLE COMPANY, Defendant-Appellant.)

First District (2nd Division)   No. 62715

———

Opinion filed February 1, 1977.

Herbert I. Rothbart, of Chicago (Getzoff, Rothbart & Getzoff, of counsel), for appellant.

William Thomas Braithwaite and Daniel B. Pinkert, both of Chicago (Mayer, Brown & Platt, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Oak Brook Bank, brought an action against defendant, Citation Cycle Company (Citation), seeking a writ of replevin and delivery of possession of certain inventory consisting of bicycles, parts, and accessories. Plaintiff's amended complaint named defendant Citation in one count and defendant-appellant, American Bicycle Company (American), in the other. In its prayer for each count, plaintiff requested a writ of replevin, a judgment of right of possession, money damages for wrongful detention of property, and also, if the property be not found upon execution of writ, for the value of the property. This appeal arises from the trial court's order granting: (1) plaintiff's motion to join American as a defendant; (2) plaintiff's motion for a writ of replevin against American; and (3) American's motion to vacate part of a prior order.[1]

A brief historical description of the parties is necessary to understand the background of the litigation. Plaintiff is a State banking corporation; defendants are Illinois corporations engaged in the business of selling, at

---

[1] The record before this court clearly indicates that only American filed a notice of appeal from an order of the trial court dated July 25, 1975. The defendant-appellant failed to file the excerpts from the record or abstract as required by Supreme Court Rule 342 (Ill. Rev. Stat. 1975, ch. 110A, par. 342).

wholesale, bicycles, bicycle parts, and accessories. Citation was incorporated in August 1973; American in November 1974. During late 1974 and early 1975, the officers, directors, and shareholders of the two corporations were virtually identical.

On August 24, 1974, Citation, by its president, executed and delivered to plaintiff a note and security agreement for $35,000 due November 22, 1974. The security was Citation's inventory and accounts receivable. On August 28, Citation borrowed an additional $22,628.16 from plaintiff, due November 26, 1974. The security was the same. As of October 1, 1974, both notes were unpaid and outstanding.

On October 1, 1974, a meeting was held of Citation's directors and shareholders. They unanimously resolved to establish American as a wholly owned subsidiary with the same officers and the same directors as Citation. The initial capital of $300,000 for the new corporation (American) was to be provided by the transfer or sale of Citation's accounts receivable to American in exchange for the latter's capital stock. Two days later Citation made a third loan from plaintiff. The amount was $20,000, due January 2, 1975. Once again the security was the inventory and accounts receivable of Citation.

In November and January 1975, Citation renewed its notes to plaintiff for an additional 90 days. The renewal notes were secured by the same collateral. Two days before the third renewal note was executed, Citation began a series of transactions whereby it transferred large amounts of its inventory to American, each time preparing a purported bill of sale. In total, $44,460.29 worth of parts and accessories were transferred from Citation to American between December 31, 1974, and March 1975.

The notes were not paid. On February 25, 1975, plaintiff sent Citation a letter demanding the return to Citation of the accounts receivable (worth $294,126.06) transferred to American. Citation did not accede to the demand. On March 6, 1975, plaintiff filed this action naming Citation as the single defendant, praying for a writ of replevin and delivery of possession of inventory consisting of bicycles, parts, and accessories. The trial court, by the Honorable Arthur L. Dunne, ordered the writ issued after plaintiff posted a $300,000 bond. Following execution of the writ against Citation, plaintiff filed a motion to deliver inventory alleging that Citation had refused to deliver parts and accessories to the sheriff. Citation claimed that part of the writ covered items already conveyed to American by bills of sale. Plaintiff's motion prayed for an order declaring the bills of sale void and directing Citation to make the inventory available.

On March 25, 1975, Judge Dunne entered an order which stated in pertinent part that "[t]he writ of replevin issued March 17, 1975 is expanded to include all property purportedly transferred to Amer.

Bicycle Co. pursuant to Bills of Sale attached to Pltf's written motion filed March 24, 1975." American entered the action for the first time by filing an emergency petition on the same day claiming rights to possession and title in the parts and accessories; it also prayed that the earlier order be vacated and that the matter be set down for a trial on the right of property. A jury demand was made.

After considering this petition, Judge Dunne entered a second order on the same day. It provided that the earlier order was stayed until further order of court; that the sheriff should stay any action until further order of court; that all of the property should remain inviolate and in status quo and locked; and that April 7, 1975, was set for the trial of right of property requested by American. American later filed a general appearance as third-party intervenor, then moved for a change of venue from Judge Dunne and to vacate Judge Dunne's first order. The motion for change of venue was granted and all subsequent matters were heard by the Honorable Wilbert F. Crowley until July 28, 1975, the date American filed its notice of appeal.

Judge Crowley heard American's motion to vacate Judge Dunne's first order, and plaintiff's motions to join American as an additional defendant and to procure a writ of replevin against American. Before the evidence was adduced, Judge Crowley orally granted the motions to join American as a defendant and to vacate Judge Dunne's order. The writ of replevin against American was also granted. A written order granting the three motions was entered on May 26, 1975. Pursuant to this order, plaintiff posted a second bond for $100,000; and a writ of replevin issued against American.

On June 23, 1975, plaintiff filed a verified amended complaint naming both Citation and American as defendants. Citation filed an answer and a counterclaim; American filed a special appearance for the first time seeking to strike the amended complaint. Thereafter plaintiff filed a petition for rule to show cause, alleging that certain of the property was missing when the sheriff went to execute the writ. The court set September 5, 1975, for trial of the petition; however, no trial was ever held due to American's notice of appeal filed on July 28, 1975.

## I.

■■ We first reach the order dated July 25, 1975, which is the basis of this appeal. Judge Crowley's order repeated the grant of all motions previously discussed and also stated that "[t]he foregoing is a final order for purposes of appeal." During the pendency of the appeal, plaintiff filed a motion to dismiss which we have taken with the case. Plaintiff contends that the appeal should be dismissed because the order appealed from is not a final order. We agree.

An order of court which leaves a cause still pending and undecided is not a final order. (*La Vida, Inc. v. Robbins* (2nd Dist. 1961), 33 Ill. App. 2d 243, 245, 178 N.E.2d 412.) Such an order is neither final nor appealable, despite the court's special finding that the order is final for purposes of appeal. (See *Nogacz v. Procter & Gamble Manufacturing Co.* (1st Dist. 1976), 37 Ill. App. 3d 636, 652, 347 N.E.2d 112.) Thus, the test of finality lies in the substance and not the form of the order. *Browning v. Heritage Insurance Co.* (2nd Dist. 1974), 20 Ill. App. 3d 622, 623, 314 N.E.2d 1; *Peach v. Peach* (2nd Dist. 1966), 73 Ill. App. 2d 72, 78, 218 N.E.2d 504.

■■ To be final and appealable, an order must dispose of the rights of the parties, either upon the entire controversy or upon some definite and separate part of it. (*South Chicago Community Hospital v. Industrial Commission* (1969), 44 Ill. 2d 119, 121, 254 N.E.2d 448; *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48, 147 N.E.2d 371; *Altschuler v. Altschuler* (1948), 399 Ill. 559, 569, 78 N.E.2d 225.) A final order for the purposes of appeal must terminate the litigation between the parties so that, if affirmed, the trial court has only to proceed with the execution of the judgment. (*Almon v. American Carloading Corp.* (1942), 380 Ill. 524, 530-31, 44 N.E.2d 592; *Wessel v. Gleich* (1st Dist. 1975), 33 Ill. App. 3d 204, 207, 337 N.E.2d 743; *Schwind v. Mattson* (1st Dist. 1974), 17 Ill. App. 3d 182, 186, 307 N.E.2d 673.) Such an order, therefore, will finally determine, fix, and dispose of the parties' rights as to the issues made by the suit. *Maple Investment and Development Corp. v. Skore* (2nd Dist. 1976), 38 Ill. App. 3d 654, 655, 348 N.E.2d 498.

■■ In light of these rules, the order entered in the case at bar is not "final," despite its language to the contrary. We do not think that the order finally determined the parties' rights or, if affirmed, would terminate the litigation. As plaintiff suggests, numerous matters were before the trial court and its order failed to resolve them. There has been no judicial response to any of the following: plaintiff's amended complaint seeking a judgment of right of possession and money damages; American's motion for trial of right of property; Citation's counterclaim; American's motion to strike the amended complaint; and plaintiff's petition for rule to show cause. Thus, we must conclude that the order is not appealable as it lacks finality. Ill. Rev. Stat. 1973, ch. 110A, par. 301.

For all of the foregoing reasons, the appeal is dismissed.

Appeal dismissed.

STAMOS and JIGANTI, JJ., concur.