LINDA K. POTTORF *et al.*, Plaintiffs-Appellees, v. FRANK B. CLARK *et al.*, Defendants-Appellants.

Third District   No. 3—84—0548

Opinion filed July 2, 1985.

Bradley W. Dunham, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellant Frank B. Clark.

Stansell, Critser & Whitman, of Monmouth (Richard Whitman, of counsel), for other appellants.

Warren E. Danz, of Danz & Kleczek, P.C., of Peoria, for appellees.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs filed a complaint alleging that they were injured as the result of defendants' negligence. Plaintiffs did not comply with defendants' discovery requests. On November 1, 1982, the trial court allowed defendant Clark's motion for discovery sanctions. (87 Ill. 2d R. 219.) The court's order provided that if plaintiffs failed to comply with discovery requests before November 15, 1982, the complaint as against each defendant would automatically be dismissed.

On March 21, 1983, plaintiffs filed a motion to reconsider, which the trial court dismissed for lack of jurisdiction. Subsequently, plaintiffs filed a petition to vacate the November 1, 1982, order pursuant to section 2—1401 of the Code of Civil Procedure. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401.) On July 12, 1984, the trial court vacated its order. Defendants appeal, arguing the trial court abused its discretion in granting the petition. Plaintiffs respond that the trial court's decision was not an abuse of discretion.

■ The granting or denying of a petition to vacate pursuant to section 2—1401 of the Code of Civil Procedure is appealable as a matter of right. (87 Ill. 2d R. 304(b)(3); Ill. Rev. Stat. 1983, ch. 110, par. 2—1401.) Here, defendants appealed the trial court's decision granting plaintiff's petition to vacate pursuant to section 2—1401. However, the November 1, 1982, order, the basis of the petition to vacate, was not a final order. Section 2—1401 of the Code of Civil Procedure provides that relief may be had from final orders and judgments upon petition. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401(a).) Since the November 1 order was not final, the petition could not have been a petition to vacate under the terms of the statute. The trial court's order granting the petition does not constitute section 2—1401 relief and is not appealable. Therefore, this court lacks jurisdiction to review the cause and the appeal is dismissed. A discussion of the merits and a detailed discussion of the facts is not necessary.

The November 1, 1982, order stated:

"Hereby ordered that the Motion for Sanctions, etc. be allowed. Plaintiffs and each of them are hereby ordered to fully comply with the discovery heretofore filed in this cause on or before November 15, 1982. If said discovery is not so fully complied with, the plaintiffs' complaint as against each of the

defendants shall be automatically dismissed without further order of this court. Copy of this order shall be served on the plaintiffs' attorney forthwith. Further ordered that the Motion to Dismiss Count II of the Third Party Complaint is taken under advisement."

It is the appellate court's duty to first determine whether an appeal is properly before it, even though neither party raises the issue. (*Cohen v. Sterling Nursing Home, Inc.* (1978), 57 Ill. App. 3d 162, 372 N.E.2d 934.) In the instant case, initially neither party raised this issue. However, both have filed supplemental briefs on this question. Defendants argue the order was a final one. Plaintiffs argue it was not.

For this court to have jurisdiction, the order of the trial court must be a final order (87 Ill. 2d R. 301) unless it comes within the exceptions set forth by the Supreme Court Rules. (87 Ill. 2d Rules 306 through 308.) These exceptions are inapplicable here. A final order is one which fixes, determines, and disposes of the parties' rights regarding the litigation or some definite, separate part of the litigation. (*La Vida, Inc. v. Robbins* (1961), 33 Ill. App. 2d 243, 178 N.E.2d 412.) If affirmed, the court need only proceed with executing judgment. *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 429 N.E.2d 483; *Harold Butler Enterprises No. 662, Inc. v. Underwriters At Lloyds, London* (1981), 100 Ill. App. 3d 681, 427 N.E.2d 312.

To determine the finality of an order, the court must consider its substance rather than its form. (*Frye v. Massie* (1983), 115 Ill. App. 3d 48, 450 N.E.2d 411.) An order which leaves the cause still pending and undecided is not a final order. *Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 360 N.E.2d 458.

■ The November 1, 1982, order by its own terms does not finally determine the parties' rights. This provision for future "automatic dismissal" cannot be self-executing, for questions of the content or quantum of the discovery supplied remain questions for judicial examination. A stranger to the action cannot ascertain whether any statutes regarding *lis pendens* or attachments may be applicable. The order does not dismiss the complaint. To be final a judgment must be enforceable without reference to outside sources. The trial court did not enter an order on November 15, 1982, dismissing the complaint.

Additionally, the court took under advisement defendant Clark's motion to dismiss count II of the third-party complaint. The third-party complaint depended upon a finding of liability under the complaint. This action indicates that the trial court viewed the complaint as still pending. The order left the cause pending and undecided. Con-

sequently, it was not a final order. (*Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 360 N.E.2d 458.) Section 2—1401 provides for relief from final orders and judgments. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401.) Since the underlying order was not a final order, the trial court's decision granting the petition was without effect.

Defendants argue the order was a final order, relying upon *Bailey v. Twin City Barge & Towing Co.* (1979), 70 Ill. App. 3d 763, 388 N.E.2d 789. In *Bailey,* plaintiff's complaint was dismissed as a discovery sanction. The court denied her petition to vacate the judgment. On appeal, she questioned the validity of the dismissal order as a discovery sanction. The court noted the order was not properly in issue; however, it stated that dismissal was not an abuse of discretion.

The order in *Bailey* dismissed plaintiff's complaint and provided the dismissal would be automatically vacated if plaintiff complied with discovery. Plaintiff's complaint was not left pending by the order, which determined the parties' rights.

For the above reasons we find the November 1 order is not a final, appealable order and, therefore, dismiss the appeal.

Appeal dismissed.

GREEN, P.J., and MORTHLAND, J., concur.