MADISON MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. UNI-VERSAL UNDERWRITERS GROUP *et al.*, Defendants-Appellants (Helen Nagy *et al.*, Defendants-Appellees; Jason E. Dorris *et al.*, Defendants).

Fifth District   No. 5—92—0571

Opinion filed September 24, 1993.—Rehearing denied October 26, 1993.

Jay S. Judge, of Judge & James, Ltd., of Park Ridge, and Michael S. Weinberg, of Goffstein, Kraus, Sherman, Seigel & Weinberg, of St. Louis, Missouri, for appellant Universal Underwriters Group.

Dale L. Bode and John E. Sabo, both of Walker & Williams, P.C., of Belleville, for appellee Madison Mutual Insurance Company.

Charles C. Compton, of Reed, Armstrong, Gorman, Coffey, Thomson, Gilbert & Mudge, P.C., of Edwardsville, for appellees Helen Nagy and John Nagy.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Jason Dorris was driving a loaner car owned by Wood River Ford while his parents' car was being serviced, and he was involved in an accident with Helen Nagy. Dorris is insured under his father's automobile policy issued by Madison Mutual Insurance Company (Madison Mutual). Wood River Ford has coverage with Universal Underwriters Group (Universal). Madison Mutual sought a declaratory judgment of the rights and liabilities of the parties with respect to the insurance policies and a declaration that the Universal policy affords primary coverage as a result of the accident. The trial court ruled that the Universal policy affords primary coverage and that Madison Mutual's insurance policy affords excess coverage. Universal and Wood River Ford appeal.

■ Before reaching the substantive issue, we must first determine whether this court has jurisdiction. The Nagys question appellate jurisdiction because the trial court's order did not declare the limits of liability under Universal's policy applicable to the subject accident. For this court to have jurisdiction, the order of the trial court must be a final order (134 Ill. 2d R. 301) unless it comes within one of the exceptions set forth by the supreme court rules. A final order is one which fixes, determines, and disposes of the parties' rights regarding the litigation on some definite, separate part of the litigation. (*Pottorf v. Clark* (1985), 134 Ill. App. 3d 349, 351, 480 N.E.2d 533, 535; *Wasserman v. Rosengarden* (1980), 84 Ill. App. 3d 713, 715, 406 N.E.2d 131, 133.) To determine the finality of an order, the court must consider the substance rather than its form. (*Pottorf*, 134 Ill. App. 3d at 351, 480 N.E.2d at 535.) Madison Mutual's prayer that the trial court determine and adjudicate the rights and liabilities of the parties with respect to the insurance policies was a general prayer for relief, whereas the true relief requested was that the trial court declare that the Universal policy affords primary coverage. We believe the order of July 31, 1992, was final and appealable because the court determined which insurance policy afforded primary coverage and

thereby granted the only relief the court could have granted. This appeal is properly before this court.

■ It is undisputed that Dorris is covered under the policy with Madison Mutual. What is at issue is whether Dorris is covered under Universal's policy of insurance. To determine whether a person is insured under Universal's policy, we turn first to the language of the policy:

"WHO IS AN INSURED

With respect to the Auto Hazard:

1. YOU;

2. Any of YOUR partners, paid employees, directors, stockholders, executive officers, a member of their household or a member of YOUR household, while using an AUTO covered by this Coverage Part, or when legally responsible for its use. The actual use of the AUTO must be by YOU or within the scope of YOUR permission;

3. Any other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission."

The parties agree that Dorris does not fall within the definitions set forth in paragraph one or two. Definition number three is the only one under which he could qualify as an insured. The term in definition three, "required by law," is the dispositive term at issue. Universal argues that because Dorris was already insured when he borrowed Wood River Ford's vehicle he was not a person "required by law" to have any additional insurance and, therefore, he is not covered under Universal's policy. Universal concedes that if Dorris had been an uninsured motorist he would have been covered by its policy, but Universal contends that it is only when a Wood River Ford customer is uninsured that he falls within definition number three.

The construction of an insurance policy's provisions is a question of law. (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 108, 607 N.E.2d 1204, 1212.) If the terms of an insurance policy are clear and unambiguous, a court must afford them their plain, ordinary, and popular meaning. (*Outboard*, 154 Ill. 2d at 108, 607 N.E.2d at 1212; *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1991), 144 Ill. 2d 64, 74, 578 N.E.2d 926, 930.) With this standard in mind, we ask, "What is the plain, ordinary, and popular meaning of the term 'required by law to be an insured'?"

The trial court determined that section 7—601 of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 7—601) required Dorris to

have automobile liability insurance when he was operating the vehicle. Section 7—601 provides in pertinent part:

"[N]o person shall operate, register or maintain registration of, and *no owner shall permit another person to operate*, register or maintain registration of, a motor vehicle designed to be used on a public highway *unless the motor vehicle is covered by a liability insurance policy.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 95½, par. 7—601.)

It is not clear from the language of the statute whether it is the operator or the owner that must provide the mandatory insurance. However, in this case we need not determine whether the owner or the operator of the vehicle was required to provide the mandatory insurance. Suffice it to say, when Dorris was operating the loaner vehicle, section 7—601 required him to be covered by a liability insurance policy.

The trial court found that by virtue of the statute Dorris, while operating the loaner vehicle, was a person required by law to be an insured and thus, given the language of Universal's policy, Dorris was a person insured under the policy. Universal argues that because Dorris had insurance coverage with Madison Mutual at the time of the accident, he was not a person "required by law" to be an insured under Universal's policy. This argument defies logic given the plain and ordinary meaning of the Universal policy's definition of insured. The basic difficulty with Universal's interpretation of its definition of insured is that it equates "required by law" with someone who is otherwise uninsured, thus *requiring* or *needing* insurance. The third definition of insured in the Universal policy makes no mention of whether the person required by law to be insured has insurance coverage under a separate policy. Whether or not a person is insured under a separate policy when he or she borrows a car from Wood River Ford is of no consequence in determining whether he or she is "required by law" to have insurance under Universal's definition of insured. Under Universal's policy the only conditions upon the person being deemed an insured are those conditions unambiguously set forth in the definition itself. Universal argues that there is no law prohibiting it from limiting the definition of who may be an insured under its policy. While this may be true, the fact is the limitations upon who may be an insured under definition number three do not eliminate Dorris as an insured as Universal contends.

We note parenthetically that the parties argue extensively over the interpretation of section 7—601 of the Illinois Vehicle Code and whether it is the owner or the operator of the vehicle that is required

by law to carry insurance. We do not believe this question is of import in this case, given the issue at bar: whether Dorris is an insured under Universal's policy. We conclude that the trial court did not err in determining that Dorris is an insured under the Universal insurance policy.

Universal also argues on appeal that in the event its policy is deemed to provide coverage to Dorris, the amount of coverage would be limited to the amount required by the Illinois Vehicle Code. The trial court determined that Universal's insurance coverage is primary and Madison Mutual's insurance coverage is excess. The trial court made no declaration as to the limits of liability under Universal's policy, and we decline to address an issue not decided by the trial court.

For the foregoing reasons, we affirm the decision of the circuit court of Madison County.

Affirmed.

LEWIS and MAAG, JJ., concur.