ILLINOIS NATIONAL INSURANCE COMPANY *et al.*, Plaintiffs-Appellants,
v. UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Defendant-
Appellee and Garnishee-Appellee (Derek A. Greenwood *et al.*, Defendants).

Fifth District    No. 5—93—0168

Opinion filed April 4, 1994.—Rehearing denied June 1, 1994.

David W. Sutterfield, of Sutterfield & Johnson, P.C., of Effingham, for appellants.

Stephen L. Corn and Mark R. Karpus, both of Craig & Craig, of Mattoon, for appellee.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:
Plaintiffs, Danny Westfall (Danny) and Illinois National Insurance Company (Illinois National), appeal from the circuit court's order granting summary judgment to the defendant and garnishee, Universal Underwriters Insurance Company (Universal).

On appeal, plaintiffs contend that the court erred in granting summary judgment to Universal when it (1) found that Universal was not estopped from denying liability coverage for Derek Greenwood (Derek), (2) found that Derek was not an insured of Universal, and (3) entered judgment against Illinois National, as no motion for summary judgment involving Illinois National was presented or argued to the court. Illinois National also contends that it is entitled to recover on its indemnity action against Universal. We affirm for the reasons set forth below.

Before considering the issues raised on appeal, a procedural and factual history needs to be set forth. The facts are as follows: On or about May 22, 1987, Thomas Greenwood (Thomas), Derek's father,

had in his possession a 1982 AMC Spirit automobile owned by Wilson Motor Sales, for test driving. On May 24, 1987, while driving the test vehicle, Derek had an accident in which Danny, who was a passenger in the car, was injured. As a result of the accident, Danny filed a two-count complaint for negligence (Effingham County case No. 87—L—62) against Derek and John T. Ring, the driver of an oncoming vehicle, on December 23, 1987. The count of negligence against John T. Ring was dismissed with prejudice on December 5, 1988, and is not part of this appeal.

At the time of the accident, Thomas had an insurance policy with Illinois National, and Wilson Motor Sales had an insurance policy with Universal. Illinois National hired attorney Vance Kepley to represent Derek in the negligence action filed by Danny. However, at some point in time which cannot be determined from the record, Kepley withdrew from representing Derek because of a conflict that arose between Derek and Illinois National over the settlement negotiations with Danny, and a private attorney, Michael Meyer, took over the representation of Derek.

Michael Meyer sent a letter to Universal on February 2, 1989, in which he stated that Illinois National had tendered the limits of its policy to Danny and that Illinois National had sought to be excused from further defense in the case. Meyer further stated in the letter that the proposed settlement agreement would not be a full release of liability for Derek; therefore, he asked Universal to assume the defense of Derek and provide coverage to him pursuant to the policy issued to Wilson Motor Sales. Universal wrote Meyer on February 8, 1989, that its policy for Wilson Motor Sales did not provide any protection or coverage to Derek on the date of the accident and Universal refused to defend Derek.

Ultimately, Illinois National settled with Danny for its policy limits of $50,000. On July 7, 1989, Danny and Derek entered into a covenant not to enforce judgment, an assignment, and a stipulation. In the stipulation between Danny and Derek, Derek admitted that his negligence was the cause of the accident of May 24, 1989, that Danny was injured as a result of the accident, and that he was liable for Danny's injuries. Danny and Derek stipulated that Derek was liable to Danny in the amount of $150,000, and Danny agreed to limit his claim against Derek to this amount. In the covenant not to enforce judgment, Danny agreed "not to proceed further against Greenwood for the collection of any damages sustained by Westfall and that Plaintiff will limit his collection efforts to satisfy the stipulated liability of Greenwood to Westfall to those financial resources made available to Greenwood through any insurance coverage

provided to Greenwood by and through New Hampshire Insurance Company [Illinois National's parent company] and by and through Universal Underwriters Insurance Company and not from any other assets of Greenwood." The consideration for the covenant not to enforce judgment was the entry of a judgment of $150,000 against Derek, the prompt execution of an authorization to settle the claim with Illinois National, and the assignment of any and all rights Derek had against Universal. The assignment executed that day assigned all the rights Derek had against Universal to Danny as required by the covenant not to enforce judgment. On July 11, 1989, the stipulation of liability was presented to the court and the court entered a judgment, based upon the stipulation, in favor of Danny and against Derek for $150,000.

As a result of the assignment and the judgment for $150,000, Danny filed an affidavit for a nonwage garnishment against Universal on January 17, 1990, for $104,666.88, the balance of the $150,000 after payment of $50,000 by Illinois National, plus costs and interest. On November 11, 1990, Illinois National filed an indemnity action against Universal for reimbursement of the $50,000 paid by it on Derek's behalf (Effingham County case No. 90—L—78). Universal moved to consolidate the garnishment and the indemnity actions. Danny and Illinois National were represented by the same counsel and did not object, and the two cases were consolidated by order of the court on January 9, 1991.

Universal filed a motion for summary judgment on January 7, 1992. Although the cases against Universal were now consolidated, in its motion Universal captioned the case with the negligence action caption and used the Effingham County case No. 87—L—62. On January 14, 1992, plaintiffs' counsel filed a motion for summary judgment, using the same caption as Universal; however, he included the case number of both the negligence action and the indemnity action, i.e., Effingham County case Nos. 87—L—62 and 90—L—78. A hearing was held on the summary judgment motions on January 30, 1992, and, on March 10, 1993, the court entered a written judgment, finding that Derek was not an insured under Universal's policy and that the negligence action filed against Derek gave no potential for coverage under Universal's policy. The court granted Universal's motion for summary judgment and found against Danny and against Illinois National.

We now address the issues raised by plaintiffs on appeal. Although plaintiffs first argue that the court erred in finding that Derek was not an insured under Universal's policy, we will first consider the issue that the court erred in finding that Universal was not

estopped from denying liability coverage, since Universal refused to defend Derek under a reservation of rights and failed to file a declaratory judgment action to determine its rights under the policy.

The sole function of a reviewing court when considering the propriety of a trial court's order granting summary judgment is to determine whether the court properly concluded there were no genuine issues of material fact, and, if not, whether judgment for the movant was correct as a matter of law. (*Federal Insurance Co. v. Economy Fire & Casualty Co.* (1989), 189 Ill. App. 3d 732, 545 N.E.2d 541.) Here, there were no genuine issues of fact. Thus, the remaining consideration is whether the judgment for Universal was correct as a matter of law.

The general rule of estoppel, which plaintiffs desire to have invoked, is that if an insurer has the right and duty to defend any claims brought against an insured, it cannot decline to defend because it determines there is no coverage under the policy. Instead, the insurer must either defend under a reservation of rights or must seek a declaratory judgment as to its rights, or if there is a conflict between an insured and the insurer, it must pay for independent counsel for the insured; otherwise, the insurer is estopped from raising any policy defenses against the insured. *Murphy v. Urso* (1981), 88 Ill. 2d 444, 430 N.E.2d 1079.

■ Whether an insurer has a duty to defend in a cause of action is based upon two requirements: (1) the complaint must be brought against an insured, and (2) the allegations of the complaint must disclose potential coverage under the policy. (*Employers Mutual Cos./ Emcasco Insurance Co. v. Country Cos.* (1991), 211 Ill. App. 3d 586, 570 N.E.2d 528; *Federal Insurance Co. v. Economy Fire & Casualty Co.* (1989), 189 Ill. App. 3d 732, 545 N.E.2d 541.) An insurer must defend its insured unless it is clear from the complaint that the allegations fail to state facts which bring it at least potentially within the policy's coverage. (*Federal Insurance Co. v. Economy Fire & Casualty Co.* (1989), 189 Ill. App. 3d 732, 545 N.E.2d 541.) A court will look to the four corners of the complaint brought against the insured to determine if there is a potential for coverage. (*Federal Insurance Co. v. Ecomony Fire & Casualty Co.* (1989), 189 Ill. App. 3d 732, 545 N.E.2d 541.) If the complaint was not brought against an insured and the complaint reveals no potential for coverage, there is no duty to defend. (*Federal Insurance Co. v. Ecomony Fire & Casualty Co.* (1989), 189 Ill. App. 3d 732, 545 N.E.2d 541.) It also follows that if there is no duty to defend, the estoppel rule is not applicable.

■ In the case *sub judice*, the allegations of Danny's complaint for negligence against Derek failed to state facts that would bring

the case potentially within the coverage of Universal's policy. The insureds who were provided coverage under the garage insurance portion of the policy (which included auto hazard coverage, the only portion of the policy under which this claim could conceivably be brought) were defined as follows:

"1. YOU; 2. Any of YOUR partners, paid employees, directors, stockholders, executive officers, a member of their household or a member of YOUR household, while using an AUTO covered by this Coverage Part, or when legally responsible for its use. The actual use of the AUTO must be by YOU or within the scope of YOUR permission; 3. Any other person or organization required by law to be an INSURED while using an AUTO covered by the Coverage Part within the scope of YOUR permission."

Plaintiffs conceded that the first two definitions of who was an insured under the policy were not applicable.

The allegations contained in the negligence count of the complaint against Derek were that he was driving a 1982 AMC Spirit in an easterly direction on a roadway in Effingham County, Illinois, and Danny was a passenger in the car; that on May 24, 1987, Derek operated "his automobile" in a careless and negligent manner, causing the car to leave the road and strike a tree; and that, as a result of his negligence, Danny suffered severe and permanent injuries. There was no statement made in the complaint that Derek was driving a vehicle owned by Wilson Motor Sales, as all the allegations in the complaint referred to "his automobile." Further, there were no allegations that Derek was driving the car with Wilson Motor Sales' permission or with his father's permission. While the record reveals that the test vehicle was entrusted to Thomas, no cause of action for negligent entrustment was raised in the complaint. Additionally, there was no reference made to Thomas and there was no allegation that Derek was his son. The only other count of the complaint was the negligence cause of action against John Ring. From our review of the complaint, we conclude there were no allegations from which the potential for coverage under Universal's policy could even be inferred.

This case is strikingly similar to the facts in *Federal Insurance Co. v. Economy Fire & Casualty Co.* (1989), 189 Ill. App. 3d 732, 545 N.E.2d 541. The appellate court in *Federal Insurance Co.* determined that the complaint failed to allege facts that would raise a potential for coverage under the policy. In the complaint in *Federal Insurance Co.*, it was alleged that the plaintiff was a passenger in an automobile owned by a company, Michel Masonry. Jay Michel, son of Elwood Michel (the owner of Michel Masonry Company), was driving the car

when the accident occurred. In plaintiff's complaint, she alleged negligence against Jay only as an employee of Michel Masonry Company, against Michel Masonry Company, and against the drivers of two other cars involved in the accident. The policy under which coverage was asserted was a personal estate protector umbrella policy with Economy Fire & Casualty Co. issued to Elwood Michel, the only named insured. Nowhere in plaintiff's complaint did she mention Elwood Michel or assert any allegations which would have raised a potential for coverage under the language of the personal policy, such as that the car involved in the accident was owned, loaned to, or hired for Elwood's use. Because the policy was a personal one to Elwood, the court found the complaint failed to allege sufficient facts to raise the potential for coverage under the policy and declined to infer coverage " 'merely because the son of the insured is named in [the] lawsuit.' " (*Federal Insurance Co.*, 189 Ill. App. 3d at 736, 545 N.E.2d at 545, quoting *Murphy v. Peterson* (1984), 129 Ill. App. 3d 952, 958, 473 N.E.2d 480, 484.) There are even fewer allegations in the instant case to raise the potential for coverage under the policy issued by Universal to Wilson Motor Sales. The court was correct when it determined that there was no potential for coverage under the allegations of the complaint, and the granting of summary judgment to Universal was proper as a matter of law.

The plaintiffs also assert that the court erred in holding that Derek was not an insured under Wilson Motor Sales' policy from Universal. As noted previously, the plaintiffs contend only that he was an insured under the third definition, *i.e.*, "[a]ny other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission." The trial court, in its written order, stated that, assuming Derek was driving within the scope of permission (this issue was not litigated before the trial court), the only question to be resolved was whether the phrase "required by law" operated to make Derek an insured under the policy. The trial court determined that this phrase did not make Derek an insured for the following reasons: (1) that there was no mandatory insurance law in effect in Illinois at the time of the accident, (2) although there was no law requiring Derek to be insured, he was in fact insured by Illinois National, and (3) the court could find no legislative intent that section 5—102(b)(4) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95$^{1}$/$_{2}$, par. 5—102(b)(4)) required permissive users to be insured under the policy of a used car dealer.

■ Plaintiffs supplemented their brief on appeal by offering additional citation to authority, directing this court's attention to its

recent decision in *Madison Mutual Insurance Co. v. Universal Underwriters Group* (1993), 251 Ill. App. 3d 13, 621 N.E.2d 270, wherein we interpreted the identical language in a policy issued by Universal to another insured. This court determined in *Madison* that the phrase "required by law" mandated insurance coverage for the defendant, but the basis of the decision was that there was a mandatory insurance law in effect at the time of the accident. It was Universal's position in *Madison* that the language of the policy was only intended to cover a person who had no insurance coverage and that the policy did not cover the defendant in *Madison* because the defendant was covered under another policy. Hence, Universal argued that the defendant in *Madison* was not a person "required by law" to be insured. This court found this argument unpersuasive and stated that to hold as Universal urged would be to read the phrase "required by law" to mean *requiring or needing* insurance, if it only applied to uninsured motorists. This court determined that the mandatory insurance law required a person operating a vehicle to be an insured, but that the statute did not explain where that insurance was to come from. Since the phrase of the policy was "required by law" and the mandatory insurance law required that the owner of a car could not permit another person to drive the motor vehicle unless the vehicle was covered by a liability insurance policy (Ill. Rev. Stat. 1989, ch. 95$^1$/$_2$, par. 7—601), this court held that the policy covered the defendant, as defendant was a person "required by law" to be insured. However, in the case *sub judice*, the mandatory insurance law was not in effect at the time of the accident; therefore, this court's reasoning in *Madison* is not applicable.

Plaintiffs assert that section 5—102(b)(4) requires Derek to be insured. We do not so read that section. Section 5—102(b)(4) provides in pertinent part as follows:

> "(b) An application for a used vehicle dealer's license shall be filed with the Secretary of State, duly verified by oath, in such form as the Secretary of State may by rule or regulation prescribe and shall contain:

> \* \* \*

> 4. A statement that the applicant has complied with the appropriate liability insurance requirement. A Certificate of Insurance [in a solvent company authorized to do business in the State of Illinois] shall be included with each application covering each location at which he proposes to act as a used vehicle dealer. The policy must provide liability coverage in the minimum amounts of $100,000 for bodily injury to, or death of, any person, $300,000 for bodily injury to, or death of, two or more persons in

any one accident, and $50,000 for damage to property." (Ill. Rev. Stat. 1987, ch. 95½, par. 5—102(b)(4).)

From the foregoing language, plaintiffs assert that the liability limits given in the statute indicate that the legislature intended that used car dealers must have liability policies in those limits for permissive users, such as Derek. While the statute does provide policy limits, the statute does not define, as plaintiffs admit in their brief, who is to be an insured under such a liability policy. The statute simply indicates that a used car dealer must provide evidence that it has complied with "the appropriate liability insurance requirement" as part of its licensing requirements. What the legislature meant by "appropriate liability insurance" is not clear. However, since there was no mandatory insurance law in effect, there was no requirement that all persons have liability insurance. We need not determine what the phrase "appropriate liability insurance requirement" means; we need only to find that, absent a mandatory insurance law, it does not require a used car dealer to provide liability insurance for all permissive users. Therefore, the trial court was correct as a matter of law that Derek was not an insured under the policy issued to Wilson Motor Sales by Universal.

The next issue raised by plaintiffs is that the court erred in granting Universal's motion for summary judgment against Illinois National as there was no motion for summary judgment against Illinois National pending. Plaintiffs devote four lines to this argument, and in those four lines, they assert that "[f]ailure to provide notice to nonmovant in a reasonable amount of time so that nonmovant can prepare a response precludes granting of summary judgment. [Citation.]" Thus, it appears that plaintiffs' objection to consideration of Universal's motion for summary judgment against Illinois National is that Illinois National was not provided with notice and that it was deprived of an opportunity to respond. We find that plaintiffs have waived the issue of lack of notice.

■ At the hearing on the motions for summary judgment, Universal stated it had inadvertently left Illinois National off of the caption of its motion, and it asked to supplement its motion to include Illinois National. Plaintiffs responded to Universal's motion to supplement its motion to include Illinois National as follows:

"My only comment would be that I don't think it would be appropriate to address fully the issues concerning any summary judgment against Illinois National Insurance Company for the reason that there is—and it does not appear to have been briefed. There is some conflicting case law regarding primary insurance. Whose [*sic*] primarily responsible in this particular instance[;]

Illinois National was not an Insurance Company that covered a vehicle directly. They where [*sic*] covered under driver of the car coverage. Universal Underwriters Insurance Company has a clause in their policy which indicates they were not primary. There was other coverage available[,] those two are at conflict[,] that particular issue has not been briefed [*sic*], and I think that although discussions today could be determinative of the outcome of Illinois National Insurance Company, it's possible that the Court could determine that Mr. Westfall would win today but not necessary [*sic*] against Illinois National Insurance, [*sic*] Illinois National Insurance Company wouldn't win [*sic*]."

From the attorney's statements, it is clear he did not object to Universal's motion for summary judgment against Illinois National on the basis of lack of notice, his apparent argument on appeal. Because plaintiffs did not raise the issue of lack of notice before the trial court, they have waived this issue on appeal. *Thompson v. Heydemann* (1992), 231 Ill. App. 3d 578, 596 N.E.2d 664; *Kable Printing Co. v. Mount Morris Bookbinders Union Local 65-B* (1975), 27 Ill. App. 3d 500, 327 N.E.2d 46, *aff'd & remanded* (1976), 63 Ill. 2d 514, 349 N.E.2d 36.

Further, even if Universal's motion for summary judgment was procedurally improper, we would not reverse this case, for the plaintiffs have not alleged, nor do we find, that plaintiffs suffered any prejudice by the court's decision. The garnishment action and the indemnity action had been consolidated in January 1991 because the same issues were raised in both causes of action. Additionally, Danny and Illinois National were represented by the same counsel; therefore, Illinois National was put on notice of the ruling sought by Universal as to whether Derek was an insured under the policy issued by Universal. Plaintiffs' counsel also admitted that the outcome of Universal's motion could be determinative as to Illinois National's cause of action, because if Derek was not an insured under the policy issued by Universal, it follows that Illinois National would have no cause of action for indemnity against Universal. We also note that since plaintiffs' counsel briefed the issue concerning whether Derek was an insured under the policy, Illinois National did have an opportunity to respond and did so. Thus, since there was no prejudice, even if plaintiffs had not waived the argument on the issue of notice the error would have been harmless.

■ Lastly, plaintiffs ask this court to find in favor of Illinois National on its indemnity action if this court determines that Derek is an insured under the insurance policy issued to Wilson Motor Sales by Universal. Since we held that Derek was not an insured under the policy, we need not consider this issue.

For the foregoing reasons, the judgment of the circuit court of Effingham County is affirmed.

Affirmed.

CHAPMAN and GOLDENHERSH, JJ., concur.