NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190427-U

NOS. 4-19-0427, 4-19-0444 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 7, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| CARRIE DOOM, | ) | Appeal from the |
|     Petitioner-Appellee, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| NATHAN BARBER, | ) | No. 16F236 |
|     Respondent-Appellant. | ) | |
| | ) | Honorable |
| | ) | Matthew Maurer, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Respondent's appeals are dismissed for lack of appellate jurisdiction where he
             does not appeal from a final order of the trial court.

¶ 2    In these consolidated appeals, respondent, Nathan Barber, an inmate in the Illinois

Department of Corrections (DOC), *pro se* appeals from trial court orders denying a motion for

substitution of judge, dismissing a motion to vacate judgment pursuant to section 2-1401 of the

Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)), and denying a request for the

presence of a court reporter during a hearing. We dismiss both appeals for lack of appellate

jurisdiction.

¶ 3                                I. BACKGROUND

¶ 4    Nathan and petitioner, Carrie Doom, are the parents of one child together. On April

19, 2016, the Illinois Department of Healthcare and Family Services initiated the underlying family case (Sangamon County case No. 16-F-236) by filing a complaint asking the trial court to order Nathan to pay support for the parties' child. Thereafter, Nathan petitioned the court for visitation with the parties' child and Carrie filed a petition for allocation of decision-making authority, parenting time, and child support.

¶ 5        On August 4, 2016, the trial court consolidated an order of protection case involving the parties (Sangamon County case No. 15-OP-2399) with their family case. The trial court's docket entry shows that a plenary order of protection was entered against Nathan on Carrie's behalf and was to remain in effect until May 3, 2018.

¶ 6        On December 8, 2017, the trial court entered its final judgment on pending matters in the family case. Nathan appealed and, on June 21, 2018, this court affirmed. *Barber v. Doom*, 2018 IL App (4th) 170840-U.

¶ 7        While Nathan's appeal was pending, the parties continued to litigate matters relative to both their family case and the order of protection. On April 24, 2018, Carrie filed a motion to modify, seeking "to extend the order of protection indefinitely." Nathan filed numerous *pro se* motions, which, relevant to these appeals, included (1) a motion to vacate, in which he raised objections to Carrie's motion to modify the order of protection (filed May 9, 2018); (2) a "MOTION TO RECALL MANDATE, VACATE, AND SET ASIDE JUDGMENT BASED ON LACK OF JURISDICTION," alleging the trial court improperly issued orders or judgments in the case—specifically an order continuing the hearing on Carrie's motion to extend the order of protection—before the release of this court's mandate in his appeal, and asking the trial court to "vacate and set aside any judgments" and "correct and remove any *** docket entries" it entered

in error (filed September 20, 2018); (3) a motion to dismiss, challenging Carrie's request to modify the order of protection (filed September 27, 2018); and (4) a petition for writ of *habeas corpus ad testificandum*, asking that DOC be ordered to bring him before the court on an unspecified date (filed September 27, 2018).

¶ 8        On January 14, 2019, the trial court made a docket entry stating it had considered each of Nathan's above-described *pro se* filings and was denying them. On January 23, 2019, Nathan filed a motion for substitution of judge for cause, asserting that the judge in the case, Matthew Mauer, was prejudiced against him. The following day, January 24, 2019, Judge Mauer conducted a hearing on Carrie's motion to modify the order of protection. The court granted the motion and extended the order of protection against Nathan to January 14, 2021. On January 30, 2019, Nathan refiled his motion for substitution of judge. The matter was then reassigned to another judge for purposes of addressing the motion. In February and March 2019, hearings were conducted on the motion.

¶ 9        On March 18, 2019, while his motion for substitution of judge was pending, Nathan filed a "Motion to Vacate Judgment" citing section 2-1401 of the Code. In that motion, he challenged the trial court's January 14, 2019, denial of his various *pro se* motions. He argued that "court" was improperly held on that date without notice to him and an opportunity to be present. He asked the court to vacate its "judgment" and set his motions for another hearing.

¶ 10        On March 20, 2019, Nathan's motion for substitution of judge was denied. He subsequently filed a motion to reconsider, which, on May 21, 2019, was also denied. The matter was remanded back to Judge Maurer for all further proceedings.

¶ 11        On June 5, 2019, Judge Maurer made a docket entry vacating his January 24, 2019,

extension of the order of protection on the basis that the hearing on Carrie's motion to modify was conducted after Nathan had moved for substitution of judge but before the trial court became aware of Nathan's motion. Judge Maurer set the matter for further hearing but held that the order of protection would remain in effect until that time. He also denied Nathan's request for a court reporter "for the Order of Protection hearing" and dismissed Nathan's March 2019 motion to vacate judgment "as moot."

¶ 12        On June 28, 2019, Nathan moved to file a late notice of appeal from the denial of his motion for substitution of judge. On July 1, 2019, this court allowed his motion (appeal No. 4-19-0427). On July 5, 2019, Nathan filed a notice of appeal from the trial court's June 5, 2019, dismissal of his March 2019 motion to vacate and its denial of his request for a court reporter (appeal No. 4-19-0444). On review, this court granted Nathan's request to consolidate his appeals.

¶ 13                              II. ANALYSIS

¶ 14        As stated, Nathan appeals from trial court orders denying his motion for substitution of judge for cause, dismissing his March 2019 motion to vacate, and denying his request for a court reporter. On appeal, he argues he was improperly denied access to relevant hearing transcripts; Judge Mauer was biased against him; he was improperly excluded from court proceedings and thus, denied access to the courts; and the trial court's dismissal of his March 2019 motion to vacate was based upon the court's misunderstanding of the basis of his motion and the orders he was attacking.

¶ 15        Prior to addressing the merits of Nathan's appeal, we must address the issue of appellate jurisdiction. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 251-52, 930 N.E.2d 895, 915 (2010) ("[A] reviewing court has a duty to consider its jurisdiction and dismiss the appeal

- 4 -

if it determines that jurisdiction is wanting." (Internal quotation marks omitted.)). This court has jurisdiction to hear appeals from final judgments entered in the circuit court. *In re Marriage of Fatkin*, 2019 IL 123602, ¶ 26, 129 N.E.3d 1230 (citing Ill. Const. 1970, art. VI, § 6). Appeals from nonfinal judgments or orders may only be had as provided by the Illinois Supreme Court rules. *Id.*

¶ 16      "A judgment or order is considered 'final' when it terminates the litigation and fixes absolutely the parties' rights, leaving only enforcement of the judgment." *A & R Janitorial v. Pepper Construction Co.*, 2018 IL 123220, ¶ 17, 124 N.E.3d 962. "[A]n order which leaves the cause still pending and undecided is not a final order for purposes of appeal." *People v. Shinaul*, 2017 IL 120162, ¶ 10, 88 N.E.3d 760.

¶ 17      In his first appeal—appeal No. 4-19-0427—Nathan challenges only the trial court's denial of his motion for substitution of judge for cause. However, "[t]he denial of a motion for substitution of judge for cause is not a final order." *Inland Commercial Property Management, Inc. v. HOB I Holding Corp.*, 2015 IL App (1st) 141051, ¶ 19, 31 N.E.3d 795. "Instead, it is an interlocutory order that is appealable on review from a final order." *Id.*

¶ 18      Nathan's notice of appeal identified only the trial court's denial of his motion for substitution of judge as the order being challenged. He did not identify any final order of the court and the record does not reflect the entry of one. In fact, matters related to Carrie's request for an extension of the order of protection remained pending and undecided when Nathan's appeal was filed. Additionally, although the Illinois Supreme Court rules permit review of an interlocutory order in certain specified circumstances, Nathan has not alleged or argued that such circumstances exist in the present case.

¶ 19      In his second appeal—appeal No. 4-19-0444—Nathan identified as the orders

being appealed, the trial court's (1) dismissal of his March 2019 motion to vacate, filed pursuant to section 2-1401 of the Code and (2) denial of his request for the presence of a court reporter at a future hearing. First, we note that although the Illinois Supreme Court rules provide for appeals from "a judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code" (Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016)), section 2-1401 only permits a party to seek "[r]elief from final orders and judgments" (735 ILCS 5/2-1401(a) (West 2018)). Where the underlying order being challenged by a purported section 2-1401 petition was not itself final, "the petition could not have been a petition to vacate under the terms of the statute" and the trial court's grant or denial of the petition "does not constitute section 2-1401 relief and is not appealable." *Pottorf v. Clark*, 134 Ill. App. 3d 349, 349, 480 N.E.2d 533, 534 (1985).

¶ 20        Here, Nathan's March 2019 "Motion to Vacate Judgment," in which he requested relief under section 2-1401 of the Code, challenged the trial court's January 14, 2019, denial of several of his *pro se* motions. None of those decisions were, themselves, final orders or judgments from which section 2-1401 relief could properly be had. At the time the trial court denied those *pro se* motions, matters remained pending and undecided before the court. As a result, Nathan's March 2019 motion was not a valid and statutorily authorized request for section 2-1401 relief. Accordingly, under the facts presented, the court's denial of Nathan's motion is not appealable under the rules applicable to section 2-1401 petitions. Nor does the dismissal of his March 2019 motion otherwise amount to a final and appealable order as it did not terminate the litigation and fix absolutely the parties' rights.

¶ 21        Second, the trial court's denial of Nathan's request for a court reporter at the hearing on Carrie's motion to modify the order of protection was similarly nonfinal. Again, at the time

Nathan filed his appeal, Carrie's motion remained pending, the litigation had not terminated, and the rights of the parties were not fixed.

¶ 22    In this case, Nathan does not appeal from a final order of the trial court and does not assert any other valid basis for either appeal. Thus, both appeals must be dismissed for lack of appellate jurisdiction.

¶ 23                                    III. CONCLUSION

¶ 24    For the reasons stated, we dismiss these appeals for lack of appellate jurisdiction.

¶ 25    Appeals dismissed.